ACCEPTED
13-15-00329-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/25/2015 1:47:08 PM
Dorian E. Ramirez
CLERK

**13-15-00329-CV**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/25/2015 1:47:08 PM
DORIAN E. RAMIREZ
Clerk

## IN THE COURT OF APPEALS
## FOR THE THIRTEENTH DISTRICT OF TEXAS

### STEVEN WALTERS
### V.
### ALLWAYS AUTO GROUP, LTD.
### D/B/A ATASCOSA CHRYSLER DODGE JEEP RAM

### REPLY BRIEF OF APPELLANT STEVEN WALTERS

### November 25, 2015

**THE LAW OFFICES OF THOMAS J. HENRY**
521 Starr St.
Corpus Christi, Texas 78401
Telephone:  (361) 985-0600
Facsimile:  (361) 985-0601
Thomas J. Henry
State Bar No. 09484210
Russell W. Endsley
State Bar No. 24026825
Matthew S. Hull
State Bar No. 24055702
Service Email:  rendsley-svc@thomasjhenrylaw.com

# IDENTITY OF PARTIES AND COUNSEL

| **Appellant:** | **Counsel for Appellant:** |
|---|---|
| Steven Walters | **THE LAW OFFICES OF THOMAS J. HENRY** |
| | Thomas J. Henry |
| | State Bar No. 09484210 |
| | Russell W. Endsley |
| | State Bar No. 24026825 |
| | 521 Starr St. |
| | Corpus Christi, Texas 78401 |
| | Telephone:  (361) 985-0600 |
| | Facsimile:  (361) 985-0601 |

| **Appellee**: | **Counsel for Appellee:** |
|---|---|
| Allways Auto Group, Ltd. d/b/a Atascosa Chrysler Dodge Jeep Ram | **DAVIS, CEDILLO, & MENDOZA, INC.** |
| | Ronald E. Mendoza |
| | State Bar No.: 13937700 |
| | 755 E. Mulberry Ave., Suite 500 |
| | San Antonio, Texas 78212 |
| | Telephone: (210) 822-6666 |
| | Telecopier: (210) 822-1151 |

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL**..........................................................ii

**INDEX OF AUTHORITIES**..............................................................................iv

**INTRODUCTION**.............................................................................................1

**ARGUMENT**....................................................................................................3

    **I. APPELLEE'S ARGUMENT REGARDING SUPERSEDING CAUSE IGNORES THE EVIDENCE.**...................................................................................................3

        *A. Heyden confirms there was no intentional act*.................................3

        *B. Appellee's conclusion that Heyden intentionally veered into oncoming traffic is unsupported*..............................................................4

    **II. HEYDEN'S RECOLLECTION REGARDING SUICIDE RAISES A FACT ISSUE AND CANNOT SUPPORT SUMMARY JUDGMENT.**............................................5

        *A. Heyden made no mention of suicide to the investigating officer at the time of the collision*...............................................................5

        *B. Heyden never withdrew his statement to the investigating officer*.......5

    **III. APPELLEE'S ATTENUATION ARGUMENT FAILS UNDER TEXAS LAW AND FAILS IN LIGHT OF THE EVIDENCE.**..............................................................6

        *A. The time at which the collision occurred is immaterial*.......................6

        *B. Appellant has established the causal connection between Appellee's entrustment and Appellant's damages*.............................7

**CONCLUSION AND PRAYER**.........................................................................9

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITS**.........................10

**CERTIFICATE OF SERVICE**..........................................................................11

# INDEX OF AUTHORITIES

## Cases

*Ambrosio v. Carter's Shooting Ctr, Inc.*
    20 S.W.3d 262 (Tex.App.—Houston [14th Dist.] 2000, pet. denied).............. 7, 8

*Arias v. Aguilar*
    515 S.W.2d 313 (Tex.App.—Corpus Christi 1974, no writ)................................ 7

*Bethke v. Munoz*
    2012 WL 6618160 (Tex.App.—San Antonio 2012, pet. denied)......................... 8

*IHC Cedars Treatment Centers of DeSoto, Texas, Inc. v. Mason*
    143 S.W.2d 794 (Tex. 2004)................................................................................ 8

*Mundy v. Pirie-Slaughter Motor Co.*
    206 S.W.2d 587 (Tex. 1947)............................................................................... 7

*TXI Transportation Co. v. Hughes*
    306 S.W.3d 230 (Tex. 2010)........................................................................... 2, 7

*Union Pump Co. v. Allbritton*
    898 S.W.2d 773 (Tex. 1995)............................................................................... 8

## Other

Texas Pattern Jury Charges, PJC 10.12 .................................................................... 7

iv

## INTRODUCTION

Appellant Steven Walters respectfully files his Reply Brief in support of his request that this Court reverse the trial court's granting of Appellee's traditional motion for summary judgment and remand for new trial. Appellant would show that he has brought forth ample evidence to support all elements of all his claims arising out of a collision caused by the negligent operation of a motor vehicle entrusted by Appellee to William John Heyden ("Heyden").

The facts and evidence show that Appellee entrusted its vehicle to Heyden, who was intoxicated, unlicensed, and reckless at the time of entrustment; Heyden admits his operation of the vehicle while intoxicated, unlicensed, and reckless proximately caused the motor vehicle collision in question. (CR 144, 145, 150, 153, 154, 156, 158).

In response to Appellant's Brief, Appellee takes the position that there is a intervening or superseding cause of the collision, relying upon a statement given by Heyden at his deposition that he intended to commit suicide on the day in question. Appellee further relies on Appellee's unsupported conclusion that Heyden intended to place his vehicle into the oncoming lane of traffic. However, Appellee ignores Heyden's testimony which confirms he neither committed an intentional act nor set out to commit suicide. (CR 144, 145, 155).

1

The basic, undisputable causation evidence is before the Court – the Texas Peace Officer's Crash Report which confirms the collision was a result of Heyden's drinking and driving. (CR 162). Heyden stated he believed his blood alcohol level at the time of the collision was, "like maybe two point something." (CR 145).

Appellee further argues in its brief that the collision occurred at a point too attenuated from the time of entrustment, wholly failing to address Appellant's citation to the Texas Pattern Jury Charge regarding negligent entrustment as well as case law which disposes of Appellee's attenuation argument. Negligent entrustment is considered a proximate cause of the collision, if the risk that made the entrustment negligent caused the collision. *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 240-41 (Tex. 2010).

## ARGUMENT

Appellant has brought forth ample evidence in support of his causes of action against Appellee. Appellee has failed to carry its burden to submit sufficient evidence that establishes there is no genuine issue as to any material fact and that it is entitled to summary judgment as a matter of law.

## I.   APPELLEE'S ARGUMENT REGARDING SUPERSEDING CAUSE IGNORES THE EVIDENCE.

Appellee's argument regarding superseding cause ignores the evidence which establishes the proximate cause of the collision was Appellee's negligent entrustment of its vehicle to Heyden. Appellee argues that Heyden committed an intentional act, for the purpose of committing suicide, which superseded Appellee's negligence; however, Appellee ignores testimony and evidence to the contrary found within the Court Record and Appellant's Brief.

### A.   *Heyden confirms there was no intentional act.*

Contrary to Appellee's position, Heyden unequivocally testified that he did not intend to cause the collision in question:

Q:   **You did not intend to hit my client's vehicle, correct?**

A:   **Absolutely not.**

Q:   **You did not intend to harm my client, correct?**

A:   **Correct.**

Q:   **This accident was not intentional, correct?**

3

A: **No. It was not intentional.**

(CR 155). Accordingly, Appellee's repeated statements regarding intentional action on Heyden's part are unsupportable. Heyden's testimony creates a genuine issue of material fact.

## B. *Appellee's conclusion that Heyden intentionally veered into oncoming traffic is unsupported.*

Furthermore, Appellee's conclusion that Heyden intentionally veered into oncoming traffic is unsupported by the evidence and testimony. As a matter of clarification, Appellant would respectfully state that Appellee failed to provide the entirety of Heyden's response when quoting Heyden as stating, "I think, basically, [I] said F it, and I was going to jerk the wheel and go off the bridge; Heyden's complete response was as follows, with emphasis added :

A: When I noticed that I was driving on that bridge on Highway 72, I think , basically, [I] said F it, and I was going to jerk the wheel and go off the bridge. *I didn't mean to hurt anybody else.*

(CR 145).

Heyden never testified to making a conscious decision to veer into oncoming lanes. In fact, the investigator's narrative found in the Texas Peace Officer's Crash Report indicates Heyden stated that he inadvertently entered the oncoming lane and made an attempt to readjust his motion of travel. (CR 162).

4

Both Heyden's testimony and the evidence before the Court create genuine issues of material fact which preclude summary judgment.

## II.    HEYDEN'S RECOLLECTION REGARDING SUICIDE RAISES A FACT ISSUE AND CANNOT SUPPORT SUMMARY JUDGMENT.

Heyden's recollection regarding suicide is suspect considering the evidence, raises a fact issue, and cannot support summary judgment.

### A.    *Heyden made no mention of suicide to the investigating officer at the time of the collision.*

Heyden made no mention of suicide to the investigating officer at the time of the collision or at any other time before his deposition, and any recollection of events *over two years after the collision* is suspect.[1]  Appellant does not concede the accuracy of Heyden's statement regarding suicide, considering the amount of time that passed, Heyden's serious injuries from the collision, and his loss of consciousness.  Heyden testified that he woke up dazed in the hospital. (CR 145).

### B.    *Heyden never withdrew his statement to the investigating officer at the time of the collision.*

In addition, Appellant respectfully would emphasize that Heyden never withdrew his statement to the investigating officer regarding his inadvertently entering the oncoming lane of traffic and attempt to avoid the collision.  The investigating officer's narrative reads as follows:

---

[1]    Heyden was deposed on October 9, 2014 regarding the collision of September 10, 2012.

> Unit 2 driver [Heyden] stated that he was reaching for his cell phone that had fallen on the floor and when he reached for it he noticed that the steering wheel was shaking and when he looked up he noticed he was driving on the West bound land traveling East bound. At that time Unit 2 driver tried to readjust his motion of travel and was unsuccessful in doing so. With that said, he collided with an on coming [*sic*] vehicle on the West bound land, driver to driver side collision. Multiple injuries from both drivers.

(CR 162). Additionally, Heyden stated that he could not recall all facts surrounding the collision, including his statement to the investigating officer, because he woke up dazed in the hospital. (CR 145).

Whether Heyden's account of events at the time of the collision or his recollection over two years after the collision is more accurate is a fact issue. The evidence along with Heyden's testimony create a genuine issue of material fact and cannot support summary judgment.

## III. APPELLEE'S ATTENUATION ARGUMENT FAILS UNDER TEXAS LAW AND FAILS IN LIGHT OF THE EVIDENCE.

Appellee's attenuation argument with regard to negligent entrustment fails under Texas law and fails in light of the evidence.

### A. *The time at which the collision occurred is immaterial.*

Appellee's attenuation argument, that the collision occurred 18 days after the negligent entrustment, fails, because the time at which the collision occurred is immaterial.

Negligent entrustment is considered a proximate cause of the collision, if the risk that made the entrustment negligent caused the collision. *See TXI Transportation Co. v. Hughes*, 306 S.W.3d 230, 240-41 (Tex. 2010). In this case, the risk that made Appellee's entrustment negligent was Heyden's intoxication, and the cause of the collision in question was caused by Heyden's intoxication.

Also, Appellee's attenuation argument fails in light of the evidence. Heyden's testimony confirms that his intoxication was continuous. Heyden confirmed he operated the vehicle while intoxicated from the time of entrustment up until the time of the collision. (CR 154).

### B. *Appellant has established the causal connection between Appellee's entrustment and Appellant's damages.*

The causal connection is shown between the negligence of the owner in entrusting the vehicle and the damage to the third person, once the third person has brought forth facts and evidence to establish that the owner entrusted its vehicle to an unlicensed, reckless, and incompetent driver, which the owner knew or should have known to be unlicensed, reckless, or incompetent, and that the negligence of the driver proximately caused the collision. *See Arias v. Aguilar*, 515 S.W.2d 313, 316 (Tex.App.—Corpus Christi 1974, no writ); *see also Mundy v. Pirie-Slaughter Motor Co.*, 206 S.W.2d 587, 590 (Tex. 1947); *see also* STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES, PJC 10.12.

Although Appellant has already differentiated cases cited by Appellee, Appellant would briefly address both *Ambrosio v. Carter's Shooting Ctr., Inc.* and *Bethke v. Munoz.*[2] As with the other cases cited by Appellee, neither *Ambrosio* nor *Bethke* are factually similar or instructive in this case. *Ambrosio* does not involve negligent entrustment of a motor vehicle; the facts involve a stolen firearm which was later used in a carjacking/murder. *See Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 263 (Tex.App.—Houston [14th Dist.] 2000, pet. denied). *Ambrosio* involves theft, not entrustment, and it involves an intentional criminal act which the present case does not. *Id.*

*Bethke* is also not a negligent entrustment case like the present case; *Bethke* involves independent motor vehicle accidents -- an 18-wheeler rollover which caused a freeway traffic backup, and a collision which occurred four hours after the rollover. *See Bethke v. Munoz*, No. 04-12-00047-CV, 2012 WL 6618160 (Tex.App.—San Antonio Dec. 19, 2012, pet. denied). The claimants in *Bethke* sought recovery from the 18-wheeler driver and owner for causing the traffic backup which furnished the condition for the decedent driver to collide with the rear of a vehicle caught in the traffic backup. *Id.* The causation facts in *Bethke* are

---

[2] Appellant has addressed in his brief *Union Pump Co. v. Allbritton*, 898 S.W.2d 773 (Tex. 1995)(employee slipped on fire retardant foam two hours after foam was used to extinguish a fire) as well as *IHC Cedars Treatment Centers of DeSoto, Texas, Inc. v. Mason*, 143 S.W.2d 794, 799 (Tex. 2004) (discharged mental facility patient caused a motor vehicle collision the following day). Neither case involves negligent entrustment of a motor vehicle, and are factually dissimilar to the present case with regard to foreseeability.

8

dramatically dissimilar to the present case and thus cannot support Appellee's position.

Appellant has carried his burden in accordance with the standard set forth in the Texas Pattern Jury Charge 10.12 and the negligent entrustment cases which applied the standard. Appellant has brought forth facts and evidence to establish that Appellee entrusted its vehicle to an unlicensed, reckless, and incompetent driver, which Appellee knew or should have known to be unlicensed, reckless, and incompetent, and has brought forth facts and evidence establishing Heyden's negligence caused the collision and Appellant's damages. Appellant has established the causal connection to Appellee's negligence.

As further evidence, Appellant offers Heyden's agreement that Appellee's negligence was the proximate cause of Appellant's injuries:

> Q: **Do you agree that if you had not been provided a loaner vehicle by Atascosa Dodge, that this wreck never would have happened?**
>
> A: **I totally agree.**

(CR 145).

## CONCLUSION AND PRAYER

Appellant has brought forth evidence to support all elements of his causes of action against Appellee, including negligence, negligent entrustment, and gross negligence. With all facts and inferences taken as true, in favor of Appellant,

9

summary judgment should not have been granted. Appellee has failed to carry its burden to submit sufficient evidence that establishes there is no genuine issue as to any material fact or that it is entitled to summary judgment as a matter of law. Accordingly, Appellant prays that the judgment of the trial court be reversed and that this Court remand this case for a new trial on all Appellant's causes of action.

Respectfully Submitted,
**THE LAW OFFICES OF THOMAS J. HENRY**
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
361/ 985-0600 – PHONE
361/ 985-0601 – FACSIMILE

BY: **/s/Russell W. Endsley**
THOMAS J. HENRY
STATE BAR NO. 09484210
RUSSELL W. ENDSLEY
STATE BAR NO. 24026824
MATTHEW S. HULL
STATE BAR NO. 24055702

## CERTIFICATE OF COMPLIANCE WITH WORD LIMITS

I certify that the foregoing Reply Brief of Appellant Steven Walters was prepared with Microsoft Word, and that, according to that program's word-count function, the sections to which the word limits apply, as set forth in Texas Rule of Appellate Procedure 9.4(i), contain 2,538 words.

**/s/Russell W. Endsley**
Russell W. Endsley

10

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was duly served in accordance with the Texas Rules of Civil Procedure on this the **25th day of November, 2015.**

***VIA E-SERVICE and/or FACSIMILE***
Ronald E. Mendoza
**DAVIS, CEDILLO, & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Ave.
San Antonio, Texas 78212
(210) 822-6666
(210) 822-1151 (Fax)

**/s/Russell W. Endsley**
Russell W. Endsley